FILED
02 JUN 14 AM 11:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENRY LEE FORD, III., | ) |
| Plaintiff, | ) |
| vs. | ) CV-00-B-0359-S |
| DONALD SCOTT, COI, et al., | ) |
| Defendants. | ) |

ENTERED
JUN 14 2002

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 in which the plaintiff, Henry Lee Ford, alleges that his constitutional rights were violated while he was incarcerated in St. Clair County Correctional Facility in Springville, Alabama. In his *pro se* amended complaint, the plaintiff names as defendants Officer Donald F. Scott and Sergeant Howard. Plaintiff alleges defendant Scott used excessive force on his person, and Sergeant Howard denied him visitation privileges.[1] As compensation for the alleged constitutional violations, the plaintiff seeks monetary damages and desires to pursue criminal charges against the defendants for their conduct.[2] In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1)(B), the complaint was referred to the magistrate judge for a preliminary review and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991).

---

[1] Plaintiff also named Shirley Nunn, Assistant Warden Garrett, and Classification Specialists Davis and Gardner as defendants. However, in a report and recommendation entered January 18, 2001, the magistrate judge recommended that the claims against the aforementioned defendants be dismissed pursuant to 28 U.S.C. 1915(A). On February 9, 2001, the district judge adopted the recommendation of the magistrate judge and dismissed all claims against Nunn, Garrett, Davis, and Gardner.

[2] A private citizen, however, has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) This Court is therefore without authority to grant the requested relief. *See Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).



The magistrate judge entered an Order for Special Report (Document # 13), directing that copies of the complaint in this action be forwarded to defendants Scott and Howard. The order requested that they file a special report addressing the factual allegations of the plaintiff's complaint. The defendants were advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE. By the same order, the plaintiff was advised that after he received a copy of the special report submitted by the defendants he should file counter affidavits if he wished to rebut the matters presented by the defendants in the special report. The plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendants' special report.

The defendants filed a special report (Document # 16) accompanied by affidavits and pertinent documents. The plaintiff was thereafter notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. The plaintiff was advised of the consequences of any default or failure to comply with FEDERAL RULE OF CIVIL PROCEDURE 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). The plaintiff filed a response. (Document # 21).

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the Court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light

2

most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 S. Ct. 265 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp.*, 477 U.S. 317; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 S. Ct. 365 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. 317; *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103, 111 S. Ct. 1003, 112 L. Ed. 2d 1085 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett*, 898 F.2d at 1532 (citation omitted). However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment. *See Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986).

## FACTUAL ALLEGATIONS

*Plaintiff's complaint(s)*

Plaintiff contends that on January 29, 2000, Officer Scott entered his cell and "grabbed [him] by [the] throat, then punched [him] in [the] stomach while in handcuffs." Original Complaint (Document # 1, at 3-A). He also states that Officer Scott "lied on [him.]" Amended Complaint (Document # 8, at 3-A). Finally, plaintiff attests that Sergeant Howard denied him a visit with his family on July 11, 1999. *Id.* at 3-B.

*Defendant Scott's special report*

Defendant Scott denies "the allegations made by the Plaintiff. At no time did I assault or use excessive force against the Plaintiff. The absence of truth in the Plaintiff's claim is proven by the fact that I was off from work on January 29, 2000." (Exhibit 1 to Document # 16).

*Defendant Howard's special report*

Defendant Howard denies "each and every allegation made by the Plaintiff." (Exhibit 2 to Document # 16). Howard asserts during the time at issue his "duty hours [were from] 6:00 a.m. to 2:00 p.m. Tuesday through Saturday. If the plaintiff [was] in Protective Custody on July 11, 1999, his visitation hours would have been from 3:30 p.m. to 6:30 p.m. Therefore, I would not know anything about his visit. I have never directly or indirectly turned an inmate's family member around from visitation." *Id.*

*Plaintiff's response*

Plaintiff maintains his original allegations against defendants Scott and Howard, and asserts that Scott and Howard lied in their affidavits to the Court. (Document # 21, at 3). He also states that a body chart should have been, but was not done, after he was assaulted. *Id.*

4

## CRUEL AND UNUSUAL PUNISHMENT

The United States Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), stated that the Eighth Amendment "'embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency,'. . . against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society'. . . or which involve the 'unnecessary and wanton infliction of pain. . . .'" *Estelle*, 429 U.S. at 102 (citations omitted). "Where . . . the allegations of an Eighth Amendment violation come from activities of prison officials in the administration of the prison system, an evaluation of an inmate's claim requires analysis of both an objective component (Was the deprivation sufficiently serious?) and a subjective component (Did the officials act with a sufficiently culpable state of mind?)." *Fountain v. Talley*, 104 F. Supp. 2d 1345, 1350 (M.D. Ala. 2000), citing *Wilson v. Seiter*, 501 U.S. 294, 298-300, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Of the two possible standards which can be applied to the subjective component of the evaluation, the appropriate standard to be used with regard to an inmate who has offered no resistance to an unwarranted physical assault by corrections officers is "whether prison officials were 'deliberately indifferent' to his health or safety." *Fountain*, 104 F. Supp. 2d at 1350 (citing *Farmer v. Breman*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

The Supreme Court has provided specific direction concerning the objective component:

> The objective component of an Eighth Amendment claim is therefore contextual and responsive to "contemporary standards of decency." *Estelle, supra*, 429 U.S., at 103, 97 S. Ct., at 290. For instance, extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes*,

5

> *supra*, 452 U.S., at 347, 101 S. Ct., at 2399, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, supra, 501 U.S., at 298, 111 S. Ct., at 2324 (quoting *Rhodes*, *supra*, 452 U.S., at 347, 101 S. Ct., at 2399) (citation omitted). A similar analysis applies to medical needs. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *See Estelle v. Gamble*, 429 U.S., at 103-104, 97 S. Ct., at 290-291.
>
> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See Whitley*, *supra*, 475 U.S., at 327, 106 S. Ct., at 1088. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See Estelle*, *supra*, 429 U.S., at 102, 97 S. Ct., at 290 (proscribing torture and barbarous punishment was "the primary concern of the drafters" of the Eighth Amendment); *Wilkerson v. Utah*, 99 U.S. 130, 136, 25 L. Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture . . . and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Whitley*, 475 U.S., at 327, 106 S. Ct., at 1088 (quoting *Estelle*, *supra*, 429 U.S., at 106, 97 S. Ct., at 292) (internal quotation marks omitted).

*Hudson v. McMillian*, 503 U.S. 1, 8-10, 112 S. Ct. 995, 1000, 117 L Ed. 2d 156 (1992).

The plaintiff has shown that he suffered a deprivation. The facts, construed in a light most favorable to the plaintiff, reflect an unprovoked attack on the plaintiff's person. Although it might be contended that a single punch to a prisoner's stomach is not sufficiently serious to satisfy the objective standard required by the Eighth Amendment, the court cannot conclude as a matter of law

6

that the punch involved only a *de minimis* use of force. Although plaintiff complains he never received a body chart, he does not allege that defendant Scott's conduct caused him any physical injury, pain or suffering. Nonetheless, such unprovoked force is of the type that is usually repugnant to mankind, even if it resulted in no injury to the plaintiff.

The plaintiff has set out facts which effectively preclude this court from granting summary judgment in favor of defendant Scott. Therefore, the motion for summary judgment filed on behalf of defendant Scott with regard to plaintiff's Eighth Amendment cruel and unusual punishment claim is due to be DENIED, and the case will be referred to the magistrate judge for an evidentiary hearing on it.

## DENIAL OF VISITATION

The plaintiff's allegation concerning the loss of visitation with a family member on one (1) occasion is due to be dismissed. It has long been accepted that "loss of privileges is not 'an atypical and significant hardship. . .in relation to the ordinary incidents of prison life '" such that a constitutional right to due process of law is implicated.[3]   Further, denial of visitation on a single occasion is not so "objectively, sufficiently serious" as to implicate cruel and unusual punishment according to the eighth amendment of the constitution. *Gaston v. Cough*, 249 F.3d 156, 164 (2d Cir. 2001).   The allegations against defendant Howard do not rise to the level of a constitutional infraction. Accordingly, plaintiff's claims against defendant Howard are due to be DISMISSED and defendant Howard's motion for summary judgment is due to be GRANTED.

---

[3] *Anderson v. Jones*, 1999 WL 1565203, *9 (S.D. Ala. 1999), *affirmed* 245 F.3d 795 (11th Cir. 2000) (other citations omitted).

7

## OPINION

The motion for summary judgment filed by the defendants is due to be denied in part and granted in part as follows:

1. the motion for summary judgment is due to be **DENIED** as to the excessive force claims against defendant Scott; and

2. the motion for summary judgment is due to be **GRANTED** as to the plaintiff's claim regarding denial of visitation privileges by defendant Howard.

As such, the excessive force claim against defendant Scott is due to be referred to the magistrate judge for further proceedings consistent therewith.

An appropriate order shall be entered.

DONE this the 14th day of June, 2002.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE